UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| JENNA AMACHER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 1:21-CV-00285-SKL |
| | ) |
| TREY ADCOCK, *et al*., | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

    Acting pro se, Plaintiff Jenna Amacher filed this civil rights action pursuant to 42 U.S.C. § 1983 and state law. Before the Court is a joint motion filed by Defendants Trey Adcock, Jennifer Craighead, and the City of Manchester (collectively, "Defendants"), with a supporting brief [Doc. 26 & Doc. 27]. Defendants' motion seeks an order pursuant to Rules 36 and 37 of the Federal Rules of Civil Procedure (1) compelling Plaintiff to respond to their interrogatories and requests for production of documents, and (2) deeming their unanswered requests for admission to Plaintiff as admitted. Plaintiff has filed no response to the motion (or to the discovery). As the time to respond to the motion has passed, Plaintiff's failure to file a response is deemed a waiver of any objection she may have to the relief sought in the motion. *See* Fed. R. Civ. P. 6(d); E.D. Tenn. L.R. 7.1 & 7.2.

    For the reasons stated below, Defendants' motion will be granted as set forth herein.

    **I.**     **BACKGROUND**

    Defendants represent that on March 31, 2022, Defendant Craighead sent Plaintiff interrogatories and requests for production of documents; and, on April 5, 2022, Defendants

Adcock and the City sent Plaintiff interrogatories, requests for production of documents, and requests for admission. Defendants further represent these discovery requests[1] remain completely unanswered despite Defendants' post-due-date efforts to obtain voluntary responses from Plaintiff.

As noted, Defendants request an order compelling Plaintiff to respond to their interrogatories and requests for production of documents within 14 days or face dismissal of her complaint. Defendants Adcock and City of Manchester also request that the unanswered requests for admission be deemed admitted by Plaintiff. In addition, Defendants request such further relief as the Court deems reasonable, without specifying the additional relief requested.

## II. INTERROGATORIES AND REQUESTS FOR PRODUCTION

Defendants issued interrogatories and requests for production to Plaintiff pursuant to Rules 33 and 34 of the Federal Rule of Civil Procedure. It is undisputed that Plaintiff has not served any response to the discovery requests, has not made any response to Defendants' inquiries regarding her long overdue discovery responses, and has not filed any response to the motion to compel.

Rule 37 provides that a party may move for an order compelling discovery responses. "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). While Defendants' motion does not specifically contain the required certification, the memorandum does list unsuccessful efforts they made to communicate with Plaintiff to address her failure to provide discovery responses before seeking court intervention. Under the circumstances, and given Plaintiff's additional failure to respond to the motion, the Court will deem Defendants' failure to include the required certification as harmless. As an order compelling responses is clearly warranted, the Court will now turn to the

---

[1] The discovery requests are properly attached to the motion. *See* E.D. Tenn. L.R. 37.2.

2

Case 1:21-cv-00285-SKL   Document 28   Filed 07/13/22   Page 2 of 7   PageID #: 116

issue of sanctions.

> Under Rule 37(a)(5),
>
>> [i]f the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>>
>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>>
>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>>
>> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A)(i-iii).

A district court has wide discretion in determining an appropriate sanction under Rule 37. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642-43 (1976). A court's exercise of that discretion is informed by four factors: (1) whether the unresponsive party acted with willfulness, bad faith, or fault; (2) whether prejudice to the movant resulted from the discovery violation; (3) whether the unresponsive party had been warned that his or her conduct could lead to extreme sanctions; and (4) whether less drastic sanctions were previously imposed or should be considered. *See Doe v. Lexington–Fayette Urban Cnty. Gov't,* 407 F.3d 755, 765-66 (6th Cir. 2005) (citing *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)).

In considering the above factors here, Plaintiff's failure to provide long overdue discovery responses, her disregarded of attempts by opposing counsel to resolve this discovery dispute without court intervention, and her abject failure to respond to the instant motion all weigh against her. As to the second factor, Defendant has not claimed any prejudice as a result of Plaintiff's

discovery violations and discovery is not scheduled to conclude until October 17, 2022. As to the final two factors, Plaintiff had not been specifically warned (until now) that any failure to comply with her discovery obligations concerning these outstanding discovery requests could lead to extreme sanctions, including dismissal of her claims. Moreover, less drastic sanctions have not been previously imposed. Certainly, Plaintiff's failure to be responsive is uncalled-for, but there is little proof she acted with the requisite level of willfulness, bad faith, or fault to warrant case dismissal—at least up to this point and the Court concludes that extreme sanctions would be inappropriate *at this time*.

Accordingly, the aspect of Defendants' unopposed motion seeking to compel full and compete discovery responses to the outstanding interrogatories and requests for production is **GRANTED** and it is hereby **ORDERED** that, within **14 days** of the entry of this Order, Plaintiff **SHALL** properly serve complete and full responses to Defendants' interrogatories and requests for production of documents.

### III.  REQUESTS FOR ADMISSION

Defendants Adcock and the City also served a total of five requests to admit on Plaintiff. She neither answered nor objected to any of them.

With respect to requests for admission, Federal Rule of Civil Procedure 36(a) provides "a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party . . . ." Under Rule 36(b), a request for admission that is not responded to within the applicable (or agreed additional) time period "is conclusively established unless the court on motion permits withdrawal or amendment of the admission." *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 153 (6th Cir. 1997) (citing Fed. R. Civ. P. 36(b)); *but see United States v.*

*Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009) (noting that the "failure to respond in a timely fashion does not require the court automatically to deem all matters admitted") (quoting *Gutting v. Falstaff Brewing Corp.,* 710 F.2d 1309, 1312 (8th Cir. 1983))).[2]

It is undisputed that Plaintiff did not timely respond to the requests for admission or seek an extension in order to respond. So, the requests will be deemed admitted. *See* Fed. R. Civ. P. 36(a)(3); *see also Brady v. Stone*, No. 08-13463, 2010 WL 2870208, at *12 (E.D. Mich. July 21, 2010) ("As Plaintiff has failed to answer or object to Defendants' requests for admission, the Court will deem the matters within the requests admitted pursuant to Rule 36.").[3]

---

[2] The Court notes that in *Petroff-Kline*, the plaintiff sent the responses 33 days after the requests were served—a mere three days beyond the 30-day timetable prescribed in Rule 36. 557 F.3d at 293.

[3] Rule 36(b) also provides as follows: "Effect of an Admission; Withdrawing or Amending It. A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding." Fed. R. Civ. P. 36(b); *see also Vangel v. Szopko*, No. 12-15312, 2013 WL 5775463, at *5 (E.D. Mich. Oct. 25, 2013) (explaining that Rule 36(b) permits withdrawal "when the presentation of the merits will be subserved thereby" and when the party who obtained the admission fails to establish that withdrawal will result in prejudice (quoting *Kerry Steel, Inc.*, 106 F.3d at 154)). With respect to the first prong (*i.e.,* presentation of the merits), "the movant has the burden to show that upholding the admission would practically eliminate any presentation on the merits of the case." *Lanton v. Ocwen Loan Servicing, LLC*, No. 3:15-CV-372, 2017 WL 1386375, at *2 (S.D. Ohio Apr. 17, 2017) (cleaned up). With respect to prejudice, the non-movant must show that it would be prejudiced by withdrawal or amendment. *Id.* Courts have further explained that prejudice "is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth." *Id.* (quoting *Kerry Steel*, *Inc.,* 106 F.3d at 154) (other citations omitted). Instead, prejudice under Rule 36(b) "relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Id.* (citing *Kerry Steel*, *Inc.,* 106 F.3d at 154) (other citations omitted). Finally, a "district court has considerable discretion over whether to permit withdrawal or amendment of admissions." *Kerry Steel, Inc.,* 106 F.3d at 154 (quoting *Am. Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1119 (5th Cir. 1991)).

Accordingly, the aspect of the motion seeking to deem the requests admitted is also **GRANTED**.

IV. **CONCLUSION**

For the reasons stated above, Defendants' joint motion to compel discovery responses and to deem requests for admissions admitted [Doc. 26] is **GRANTED** and it is hereby **ORDERED** that: (1) within **14 days** of the entry of this Order, Plaintiff **SHALL** properly serve complete and full responses to Defendants' interrogatories and requests for production of documents; and (2) the five requests for admission served on Plaintiff are deemed admitted.

As to possible sanctions for Plaintiff's discovery misconduct, in the absence of (1) a good-faith conferral certification under Rule 37(a)(1), (2) a filed discovery plan (as addressed below), and (3) a specific request for expenses including attorney fees incurred in filing the motion, the Court will not further address sanctions at this time. However, Plaintiff is **FOREWARNED** that her failure to comply with this Order or her discovery obligations will result in sanctions, up to and including dismissal of this action with prejudice for failure to prosecute or comply with the Court's orders pursuant to Federal Rule of Civil Procedure 41(b) and/or for failure to obey an order to provide discovery under Federal Rule of Civil Procedure 37(b).[4]

---

[4] Rule 37(b) provides that if a party fails to obey an order to provide discovery the Court may issue "further just orders." Such orders may include:
  (i)   directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
  (ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
  (iii) striking pleadings in whole or in part;
  (iv)  staying further proceedings until the order is obeyed;
  (v)   dismissing the action or proceeding in whole or in part;
  (vi)  rendering a default judgment against the disobedient party; or
  (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Finally, the Court notes that the parties have not filed the required discovery plan. *See* Fed. R. Civ. P. 26(f); *see also* Doc. 16 at Page ID # 53, ¶ 3(b) & Doc. 19 (the Court's Scheduling Order). As a result, the parties are **ORDERED** to file their joint discovery plan within **14 days**. Said plan must include a certification that the parties (1) have complied with Federal Rule of Civil Procedure 26(f) discovery planning requirements, and (2) have made all disclosures required under Federal Rule of Civil Procedure 26(a)(1) prior to the filing of the plan. All parties are **FOREWARNED** that failing to comply with this Order or other obligations established in the Court's Scheduling Order will result in sanctions.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE