UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| JENNA AMACHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-CV-00285-SKL |
| | ) | |
| TREY ADCOCK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER FOR PRO SE PLAINTIFF TO SHOW CAUSE AND COMPLY WITH JULY 13 ORDER AND DISCOVERY OBLIGATIONS

In its Order issued July 13, 2022, the Court noted that the parties had not filed a discovery plan as required by Federal Rule of Civil Procedure 26(f) and the Court's Scheduling Order governing this case [Doc. 28].[1] Therefore, the Court ordered the parties to confer and file the requisite plan by July 27. The Court also ordered that the plan include a certification from the parties that they complied with the Rule 26(f) discovery planning requirements and made their Rule 26(a)(1) disclosures. All parties were forewarned that failing to comply with the July 13 Order or obligations established in the Scheduling Order would result in sanctions. Additionally, because of Plaintiff's failure to properly participate in discovery, she was forewarned that her failure to comply with the July 13 Order or her discovery obligations would result in sanctions, up to and including dismissal of this action with prejudice pursuant to Federal Rules of Civil Procedure 37 and/or 41(b).

---

[1] The Court also held Defendants' requests for admission were deemed admitted, and ordered Plaintiff to properly serve complete and full responses to Defendants' interrogatories and requests for production of documents within 14 days.

Defendants filed a "Report of Defendants' Planning Meeting" on July 27, 2022 [Doc. 29]. They state they "circulated their initial disclosures," but Plaintiff "has not exchanged" hers [*id.* at Page ID # 122]. They further explain the parties agreed to conduct the Rule 26(f) planning conference on July 26 at 9:00 a.m., but Plaintiff did not appear. Later, Plaintiff "circulated an email saying she was late for the meeting and will be supplying her Rule 26 disclosures by the week's end and will supply discovery responses on an unknown timeline." [*Id.* at Page ID # 122 n.1]. It is unknown whether Plaintiff ever provided the ordered discovery responses.

In light of Defendants' representations and the overall record of this case, Plaintiff is hereby **ORDERED TO SHOW CAUSE** in writing on or before **August 15, 2022,** why her case should not be dismissed with prejudice pursuant to either Federal Rule of Civil Procedure 41(b) for her failure to prosecute this case or comply with the Court's orders or under Federal Rule of Civil Procedure 16(f)[2] or 37(b) for failure to obey an order, to provide discovery, and/or make required disclosures. **Plaintiff is FOREWARNED that any failure to BOTH (1) comply with all requirements of the July 13 Order by August 15, 2022, and (2) to file an appropriate response to this Order by August 15, 2022, will result in dismissal of this case with prejudice without further notice**.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[2] Rule 16(f)(1) provides that on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party: "(A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or(C) fails to obey a scheduling or other pretrial order."