UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| JENNA AMACHER,<br><br>Plaintiff,<br><br>v.<br><br>TREY ADCOCK, *et al*.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:21-CV-00285-SKL |

**ORDER**

Before the Court is the pro se Plaintiff's failure to show cause and otherwise comply with the Court's orders or prosecute this case.

In its July 13, 2022 Order, which addressed Defendants' motion to compel discovery responses from the pro se Plaintiff and to deem requests for admissions as admitted by Plaintiff, the Court noted the parties had not filed a discovery plan as required by Federal Rule of Civil Procedure 26(f) and the Court's Scheduling Order governing this case [Doc. 28]. The Court ordered the parties to confer and file the Rule 26(f) discovery plan by July 27. The Court also held the requests for admission were deemed admitted due to Plaintiff's failure to respond to them, and ordered Plaintiff to properly serve complete and full responses to Defendants' interrogatories and requests for production of documents within 14 days.

In addition, all parties were forewarned in the July 13 Order that failing to comply with the obligations established in the Court's orders, including the July 13 Order, would result in sanctions. Additionally, because of Plaintiff's failure to properly respond to Defendants' motion to compel or participate in discovery, she was specifically forewarned that her failure to comply with the July 13 Order or her discovery obligations would result in sanctions, up to and including

dismissal of this action with prejudice pursuant to Federal Rules of Civil Procedure 37 and/or 41(b).

Ill-advisedly, Plaintiff failed to comply with the July 13 Order, as set forth in the Defendants' unilateral Rule 26(f) "Report of the Defendants' Planning Meeting," which was filed on July 27, 2022 [Doc. 29]. In order to give Plaintiff yet another chance to comply, on August 1, 2022, the Court ordered Plaintiff to show cause, by August 15, 2022, why her case should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b), because of her failure, among other things, to prosecute this case or comply with the Court's orders [Doc. 30]. The August 15 deadline to show cause has now passed, and Plaintiff has not attempted to show good cause or otherwise responded in any way to the Court's August 1 Order.

Rule 41(b) grants a court discretion to dismiss a case if the plaintiff fails to prosecute or fails to comply with a court order. Fed. R. Civ. P. 41(b); *see also Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008); *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001). The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation and internal quotations omitted).

A court considering a Rule 41(b) dismissal must weigh four factors, none of which is dispositive:

> whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll*, 176 F.3d at 363). "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363). "[T]he sanction of dismissal is appropriate only if the [actions at issue] amounted to failure to prosecute and no alternative sanction would protect the integrity of the pretrial process." *Id.* at 738 (quoting *Wu*, 420 F.3d at 644).

When delay is caused by a plaintiff, as here, the selection of the appropriate sanction, including dismissal for failure to prosecute, is a matter consigned to the discretion of the district court. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 633 (1962). However, dismissal is a harsh remedy that should not be utilized without carefully weighing its appropriateness. *See e.g.*, *Mulbah*, 261 F.3d at 593-94 (holding that district court should have employed alternative sanction to protect integrity of pretrial procedures); *Stafford v. Miller Petroleum, Inc.*, No. 3:11-CV-206-PLR-HBG, 2014 WL 2481878, at *3 (E.D. Tenn. June 3, 2014). When a court considers the appropriate sanction for failure to prosecute an action, the more the delay was occasioned by a plaintiff's personal obstruction, or was designed to benefit the plaintiff's strategic interests, the more suitable the remedy of dismissal.

When applying the four factors to this case, the Court is convinced that dismissal with prejudice is both warranted and the most appropriate sanction. First, the Court finds Plaintiff's failure to comply with the requirements of the August 1 Order is due to her willfulness, bad faith, or fault. Plaintiff's failure to comply with the requirements of the July 13 and August 1 Orders undeniably demonstrates willfulness.[1] Her inaction also indicates either bad faith or fault and an intention to allow this case to lapse. As detailed in the July 13 and August 1 Orders,

[1] Defendants' filings demonstrate that Plaintiff is aware of the Court's orders and communicates with Defendants when she chooses to do so [*e.g.*, Doc. 29 At Page ID # 122, n.1].

Plaintiff previously failed to provide long-overdue discovery responses and disclosures, disregarded attempts by opposing counsel to resolve their discovery dispute without court intervention, and failed to respond to Defendants' motion to compel. These facts, in combination with Plaintiff's blatant disregard of the Court-ordered requirement to show cause, are sufficient to demonstrate willfulness, bad faith, or fault "either with an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." *Schafer*, 529 F.3d at 737. Thus, the first factor heavily favors dismissal.

The second factor that must be examined is whether Plaintiff's inaction prejudiced Defendants. A defendant is prejudiced by a plaintiff's conduct where the defendant "wastes time, money and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Harmon v. CSX Transp., Inc*., 110 F.3d 364, 368 (6th Cir. 1997). Defendants have been prejudiced in the development of their defense by Plaintiff's refusal to participate in disclosures or discovery. Moreover, she has caused Defendants to be unable to confer and fully comply with the Court's July 13 Order and has caused Defendants to "waste time, effort, and money in pursuit of cooperation" that Plaintiff was legally obligated, and ordered, to provide. *Id*. Undoubtedly, this factor also weighs in favor of dismissal.

The third factor is whether Plaintiff was warned that failure to cooperate could lead to dismissal. As the Sixth Circuit has stated, "[a]lthough the district court has the power to dismiss a claim as the first and only sanction, 'routine language in a standard order, warning counsel of possible dismissal as a sanction for failure to comply with any of the provisions of the order, is not necessarily sufficient prior notice to immediately warrant the extreme sanction of dismissal.'" *Kovacic v. Tyco Valves & Controls, LP*, 433 F. App'x 376, 382 (6th Cir. 2011) (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1279 (6th Cir. 1997)) (other citation omitted). This

factor also weighs in favor of dismissing Plaintiff's claim because both the July 13 and August 1 Orders explicitly warned Plaintiff that her failure to comply with the specific requirements of the Orders would result in sanctions, up to and including dismissal of this action with prejudice.

Finally, the fourth factor asks whether less drastic sanctions were considered before dismissal was ordered, because it is an abuse of discretion to order dismissal under Rule 41(b) "mechanically." *Freeland*, 103 F.3d at 1279-80. In both its July 13 and August 1 Orders, the Court attempted to gain Plaintiff's compliance so that a merits-based determination of this case could occur. It does not appear that less drastic measures would be (or were) effective in compelling Plaintiff to cooperate fully in the discovery process and to comply with the Court's orders. To date, Plaintiff has taken no steps to remedy or improve her conduct, has offered no justification for her actions or lack thereof, and has suggested no other lesser sanction that could possibly be appropriate. Thus, the final factor also favors dismissal.

In light of the factors, the history of this case, and Plaintiff's abject failure to heed the Court's admonishment to take her litigation obligations more seriously, Plaintiff's behavior, or lack thereof, is unacceptable and warrants a drastic sanction. Accordingly, the Court finds Plaintiff's inaction justifies dismissal, and her complaint against Defendants is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b). The Clerk is **DIRECTED** to **CLOSE** this case.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE